UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| JERRY D. THROCKMORTON, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 5: 13-059-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| STATE AUTO INSURANCE COMPANY, | ) | **MEMORANDUM ORDER** |
| | ) | |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is pending for consideration of Plaintiff Jerry D. Throckmorton's most recent Motion to Vacate Order.[1] [Record No. 21] Throckmorton requests that the Court vacate its April 2, 2013 Order "due to irregularities of the court and a fraudulent Motion filed by the Defendant." [*Id*., p. 1; *see also* Record No. 20] He makes a number of allegations, including that the Court "is clearly prejudice[d] to the Plaintiff because he is [*sic*] pro-se." [*Id.*] The plaintiff also asserts that the defendant's Rule 11(b) motion — which was denied, without prejudice, by the Court — was fraudulent, and that counsel for the defendant "has lied through this entire case and submitted numerous fraudulent documents to this Court." [*Id.*, p. 2]

However, as Defendant State Automobile Mutual Insurance Company ("State Auto") notes in its response, Throckmorton has not made any showing that he is entitled to relief from

---

[1] The plaintiff has moved to vacate every prior Order that the Court has issued. [*See* Record Nos. 9, 12, 14]

-1-

the Court's prior Order.[2] [*See* Record No. 22, p. 2 (citing Fed. R. Civ. P. 60(b)).] Under the Federal Rules of Civil Procedure, "a defendant may move to dismiss [an] action or any claim against it," where the plaintiff fails to comply with the Federal Rules of Civil procedure or a court order. Fed. R. Civ. P. 41(b). A dismissal under such circumstances "operates as an adjudication on the merits." *Id.* Although *pro se* parties are held to less stringent pleading standards, they are not exempt from following the Federal Rules of Civil Procedure. In fact, as the Sixth Circuit has noted, "a willfully underrepresented plaintiff volitionally assumes the risks and accepts the hazards that accompany self-representation." *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 561 (6th Cir. 2000). Accordingly, it was neither "irregular" nor "biased" for the Court to inform the parties that a failure to comply with the Court's April 2, 2013, Order could result in a dismissal of the action.

Further, Throckmorton's allegations regarding the Kentucky Supreme Court ethical rules and "canon law" are misplaced.[3] The Court reminds the parties that under Rule 11 of the Federal Rules of Civil Procedure, attorneys *and any unrepresented parties* are required to be truthful when making representations to this Court. Fed. R. Civ. P. 11(b). A failure to comply with this rule — including by filing documents that are known to be fraudulent — can result in sanctions, including appropriate monetary sanctions. Fed. R. Civ. P. 11(c). Accordingly, it is hereby

---

[2] State Auto has also submitted a transcript of a voicemail that Throckmorton left for defense counsel, wherein the plaintiff threatens, among other things, to get counsel disbarred. [Record No. 22-1]

[3] Throckmorton argued that the Court's Order "violates SCR 4.300, 3.130(3.4), (3.5), (8.2) and CANON Law 1, 2, 3." [Record No. 21, p. 1]

**ORDERED** that the plaintiff's Motion to Vacate [Record No. 21] is **DENIED**. The plaintiff is required to comply with the Court's April 2, 2013 Order regarding the inspection of the allegedly fraudulent document, under the same conditions set out in the previous Order. [*See* Record No. 20]  Failure to do so may result in the matter being dismissed, with prejudice.

This 10th day of April, 2013.

Signed By:
*Danny C. Reeves*  DCR
United States District Judge