UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| JERRY D. THROCKMORTON, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 5: 13-059-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| STATE AUTO INSURANCE COMPANY, | ) ) | **MEMORANDUM OPINION AND ORDER** |
| | ) | |
| Defendant. | ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

This matter is pending for consideration of Defendant State Auto Insurance Company's ("State Auto") Motion to Compel and Motion to Dismiss. [Record Nos. 24, 39] Additionally, *pro se* Plaintiff Jerry D. Throckmorton has filed a Notice of Withdrawal, stating that he "hereby withdraws his lawsuit." [Record No. 55] For the reasons outlined below, this action will be dismissed, with prejudice.

**I.**

On March 20, 2013, Throckmorton submitted a copy of a letter purportedly sent from State Auto Representative Bob Redmond to Throckmorton. [Record No. 11-2] Having good cause to believe that the letter was fraudulent,[1] the defendant filed a motion to dismiss on this

---

[1] Bob Redmond submitted an affidavit stating that he did not create the document at issue. In addition, the defendant noted several irregularities within the letter, including the peculiar timing of the letter, a different type appearance, and a misstated policy number. In addition, the letter purports to indicate that Redmond advised Throckmorton "[y]ou need to adjust your expectations"; that the claimed $3,692,275 "is a fair amount and we agreed to pay"; and that "State Auto Insurance

basis. The Court denied the motion to dismiss at that time, but ordered that the plaintiff produce the original document so that the original letter, as well as all of the documents that the plaintiff relied upon in his case, could be examined by the defendant's expert. [Record No. 20] After some resistance by Throckmorton,[2] the inspection was arranged for April 29, 2013, at the defendant's attorneys' offices in Lexington, Kentucky. [Record Nos. 29, 34] Throckmorton did not appear for the inspection in person. Rather, a Fed-Ex package addressed to the law firm of Landrum & Shouse – purportedly sent from this Court – was delivered to the receptionist's desk by a female not appearing to be a Federal Express employee.[3] The package did not contain the October 2, 2012 letter.

Meanwhile, as outlined in the Court's May 3, 2013 Order, Throckmorton made a number of accusations against the Court, including, but not limited to, allegations that the Court is biased and statements that the Court "has lost its mind."[4] [*See* Record No. 43.] The Court held a hearing on May 8, 2013, where the parties appeared and explained their positions regarding the motion to compel. [Record No. 47] Additionally, Throckmorton responded to the Court's Show

---

would rather pay an attorney in Lexington and go to court" than pay him. [Record No. 11-2]

[2] Throckmorton stated that he was complying with the Court's order "under duress."

[3] The parties dispute how the package of documents came to rest on the receptionist's desk. Throckmorton has stated that he placed loose documents on the receptionist's desk himself, and denies that he ever used a Fed-Ex envelope with the Court's address under "sender." However, footage from security cameras appears to show Throckmorton entering the building with a female carrying a Fed-Ex envelope. [Record No. 52]

[4] At the May 8, 2013, hearing, Throckmorton attempted to explain that this accusation was a typographical error of his daughter. Throckmorton contends that he intended to indicate that the Court had "lost its find."

Cause Order. [Record No. 47] Following that hearing, the Court gave the parties five days to submit all relevant documents, and took the pending motions under advisement. State Auto filed a Memorandum of Law in support of its pending motion to dismiss, including the document examination transcript from its expert and affidavits from several of Landrum & Shouse's employees regarding the events on April 29, 2013. [Record No. 52] On May 13, 2013, Throckmorton filed a Notice of Withdrawal of his Complaint and Lawsuit. [Record No. 55]

**II.**

This action will be dismissed for several reasons. First, the Court will dismiss the action based on Throckmorton's withdrawal of his complaint. [Record No. 55] Under Rule 41 of the Federal Rules of Civil Procedure, "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). Because Throckmorton has requested that his action be dismissed, and for the reasons stated in the defendant's motion to dismiss, the Court finds it proper to dismiss the action.

In addition, the action will be dismissed with prejudice. Even without the plaintiff's withdrawal of his complaint, an action may be dismissed where the plaintiff fails to comply with a court order. Fed. R. Civ. P. 41(b); Fed. R. Civ. P. 37(b)(2)(A)(v). Here, dismissal is proper based on Throckmorton's failure to comply with several orders.

Based on the affidavits and video footage provided by the defendant, the Court finds that the plaintiff failed to comply with the Court's April 16, 2013 Order to produce the original of the allegedly fraudulent document for examination. In addition, Throckmorton has continued

to ignore the Court's admonition[5] regarding baseless accusations.[6] [*See* Record Nos. 12, 14, 21, 34, 41.] Although mindful of the plaintiff's status as a pro se litigant, the Court has exhausted all efforts to require compliance with its orders. In short, dismissal is the only appropriate sanction under the circumstances. A lesser sanction "would not better serve the interests of justice." *Consolidation Coal Co. v. Gooding*, 703 F.2d 230, 233 (6th Cir. 1983). Accordingly, dismissal, with prejudice, is proper under both Rule 41(b) and Rule 37, as well as the inherent power of the Court to regulate the behavior before it. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991).

### III.

For the foregoing reasons, and for the reasons outlined by the Court during the May 8, 2013 hearing, it is hereby

**ORDERED** as follows:

1. Plaintiff Jerry D. Throckmorton's Notice of Withdrawal of Complaint/Action [Record No. 55] is **GRANTED**.

2. Defendant State Auto's Motion to Dismiss with prejudice [Record No. 39] is **GRANTED**.

3. Defendant State Auto's Motion to Compel [Record No. 24] is **DENIED** as moot.

---

[5] On April 30, 2013, the Court advised the plaintiff that "continuing false, baseless attacks may result in sanctions being issued for contempt of Court." [Record No. 38]

[6] Although additional sanctions may be appropriate under the circumstances, the Court declines to issue any further sanctions at this time. Accordingly, the Show Cause Order directing Throckmorton to show cause why he should not be held in contempt of Court will be set aside. [*See* Record No. 43.]

4. The May 3, 2013 Show Cause Order [Record No. 43] is **SET ASIDE**.

5. This action is **DISMISSED**, with prejudice, and stricken from the Court's docket.

This 22nd day of May, 2013.

Signed By:

*Danny C. Reeves* DCR

United States District Judge